UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

          Plaintiff,

v.                                   Case No. 21-CR-4

LEROY SPINKS,

          Defendant.

## ORDER

Leroy Spinks is charged in a four-count indictment. The indictment alleges that on May 6, 2020, Spinks possessed heroin with intent to distribute it (count one), possessed a firearm in furtherance of a drug trafficking crime (count two), and possessed a firearm after having been convicted of a felony (count three). (ECF No. 1 at 1-3.) Count four alleges that on December 5, 2020, Spinks possessed a different firearm after having been convicted of a felony. (ECF No. 1 at 4.)

Spinks initially asks the court to sever counts one and two from counts three and four. (ECF No. 10 at 1.) But then he argues that counts one, two, and three should be severed from count four. (ECF No. 10 at 2-4.) It is unclear if one argument was mistaken

or if he intended to present alternative arguments. Based on the substance of Spinks's argument, the court presumes that he seeks to sever only count four.

Spinks also initially argues that severance is appropriate under Fed. R. Crim. P. 8(a). But then in reply he concedes that joinder was proper under Rule 8 and instead argues that severance is appropriate under Rule 14. (ECF No. 13 at 1.)

Having not argued for severance under Rule 14 in his initial brief, Spinks ordinarily could not raise the argument for the first time in reply. *See Nationwide Ins. Co. v. Cent. Laborers' Pension Fund*, 704 F.3d 522, 527 (7th Cir. 2013). This forfeiture, in conjunction with his concession that joinder was appropriate under Rule 8(a), would be a sufficient basis for denying the motion. However, notwithstanding Spinks's reliance in his initial brief on Rule 8 and his failure to even refer to Rule 14, his argument was one of prejudice. Presuming that this argument was sufficient to avoid forfeiture of his Rule 14 severance argument, the court considers whether severance is required under Rule 14(a).

Spinks notes that the conduct alleged in the first three counts relates to events occurring about seven months before the conduct alleged in count four. Although both involved Spinks allegedly unlawfully possessing a firearm, the alleged conduct underlying the first three counts is significantly more violent in that it involves Spinks allegedly pistol-whipping a man.

Under Rule 14(a), "[i]f the joinder of offenses … in an indictment … appears to prejudice a defendant or the government, the court may order separate trials of counts …

2

or provide any other relief that justice requires." "In moving under Rule 14(a), a defendant must show a 'serious risk' that a joint trial will 'compromise a specific trial right' or 'prevent the jury from making a reliable judgment about guilt or innocence.'" *United States v. Jett*, 908 F.3d 252, 275 (7th Cir. 2018) (quoting *Zafiro v. United States*, 506 U.S. 534, 539 (1993)).

Spinks has not shown that severance is required. The fact that Spinks is charged with possessing different firearms on different days does not require severance. *United States v. Rice*, 520 F.3d 811, 818 (7th Cir. 2008) (citing *United States v. Coleman*, 22 F.3d 126 (7th Cir. 1994)). His remaining concerns amount largely to matters of "evidentiary spillover" that can be, and routinely are, addressed with jury instructions. *See United States v. Abdelhaq*, 246 F.3d 990, 992 (7th Cir. 2001); *United States v. Freland*, 141 F.3d 1223, 1227 (7th Cir. 1998). Thus, Spinks has not shown that he would be prejudiced by a joint trial.

On the opposite side, there is the court's strong interest in joint trials. *See United States v. Buljubasic*, 808 F.2d 1260, 1263 (7th Cir. 1987). This already strong interest is heightened given the current pandemic, which requires participants to undertake extraordinary measures to make trials as safe as possible. And even with diligent precautions, any trial may pose significant health risks to all participants.

Given these considerations, and in the absence of evidence of prejudice to Spinks, the court will deny his motion to sever.

**IT IS THEREFORE ORDERED** that Leroy Spinks's "Motion to Sever Charges" (ECF No. 10 ) is denied.

Dated at Milwaukee, Wisconsin this 1st day of March, 2021.

*William E. Duffin*
WILLIAM E. DUFFIN
U.S. Magistrate Judge